UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LESLEY REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-CV-17 NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Lesley Reeves' ("Reeves") application for supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the Commissioner's decision.

**I.    Issues for Review**

Reeves presents three errors for review. First, Reeves asserts that the administrative law judge ("ALJ") erred by not giving substantial weight to her credibility. Second, she asserts that the ALJ failed to consider the factors in 20 C.F.R. § 404.1527(d) regarding the opinion evidence in this case. Third, she asserts that the ALJ made an improper determination of her residual

functional capacity ("RFC"), which included not properly evaluating the effect of her fibromyalgia and obesity on her ability to perform work-related functions. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

### III. Discussion

#### A. Credibility Determination

First, Plaintiff contends that the ALJ failed to properly assess her credibility. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
> (3) Any precipitating or aggravating factors;
> (4) The dosage, effectiveness, and side effects of any medication; and
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.*

In this case, the ALJ found several deficiencies with Reeves' credibility. (Tr. 12-14.) The ALJ noted that Reeves had a poor work history from 1993 to 2006, only earning over $15,000 a year twice, and less than $7,000 during the remaining years. (Tr. 12.) The ALJ also noted that Reeves earned less than $1,000.00 during four of the years. (Tr. 12.) The ALJ found that Reeves' activities of daily living, including driving her kids to school, loading the dishwasher, paying bills, counting change, and using money orders were not totally consistent with her allegations. (Tr. 12.) The ALJ also found that the third-party report of Reeves' mother Robin L. Pruitt was not completely consistent with Reeves' allegations. (Tr. 12.) The ALJ determined that Reeves has some signs of abnormalities that might result in some of the symptoms that she alleged, but the objective medical evidence fails to reveal abnormalities

indicative of her complaints. (Tr. 14.) Finally, the ALJ found that that Reeves' consistent treatment history lent some support to her allegations. (Tr. 13.)

The Court finds that the ALJ's credibility findings were consistent with *Polaski* and supported by substantial evidence in the record as a whole. First, the ALJ could consider activities of daily living, consistency with the overall medical evidence, and poor work history in determining Reeves' credibility. *See* Goff *v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers); *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004) (claimant's credibility lessened when considering sporadic work record reflecting relatively low earnings and multiple years with no reported earnings); *Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000) (ALJ could consider that claimant functioned as the primary caretaker for her home and two small children). A review of the entire record demonstrates that ALJ did not rely solely upon any one of the factors in the credibility analysis. The ALJ considered several factors in evaluating Reeves' credibility.

Second, the ALJ did not completely discount Reeves' testimony. There are several instances in the ALJ's RFC analysis where she gave Reeves the benefit of the doubt, in the absence of medical evidence in the record. For example, the ALJ noted that she gave Reeves the benefit of the doubt regarding limitations attributable to fibromyalgia pain, migraines, mental impairments, lifting, standing, and pushing and pulling. (Tr. 17-18.) Considering the combination of the factors relied upon by the ALJ, substantial evidence in the record supports the ALJ's credibility findings.

B.   **Opinion Evidence**

Next, Reeves contends that the ALJ did not consider the factors set forth in 20 C.F.R. § 404.1527(d)[1] when evaluating the opinion of her treating physician, Dr. Jan F. Onik. Reeves testified that she has seen Dr. Onik since she was a child and saw him every month until she lost her insurance. (Tr. 47.) The administrative record contains documentation of four visits to Dr. Onik in 2009, 2011, and 2012. (Tr. 676-680, 708-709.) Dr. Onik also completed a Physical Medical Source Statement. (Tr. 697-700.) In the Medical Source Statement, Dr. Onik indicated that Reeves could occasionally and frequently lift and/or carry less than ten pounds; stand and/or walk less than 15 minutes; and must periodically alternate sitting and standing to relieve pain or discomfort. (Tr. 698.) Dr. Onik opined that Reeves could occasionally climb ramps, stairs, ladders, ropes, and scaffolds, and balance. (Tr. 698.) He also opined that she could never crouch, crawl, or stoop. (Tr. 698.) He determined that she had limited ability to reach in all directions, but she could frequently handle, finger, and feel. (Tr. 699.) Dr. Onik found no visual or communicative limitations. (Tr. 699.) He opined that she should be limited in exposure to temperature extremes, dust, vibration, humidity, wetness, hazards such as machinery and heights, and fumes, odors, chemicals, and gases. (Tr. 700.)

The ALJ gave very little weight to Dr. Onik's opinion, because Dr. Onik did not examine Reeves very often and most of his opinion was not supported by the medical evidence. (Tr. 18.) The ALJ noted that there was no objective medical evidence to support Dr. Onik's findings that Reeves was limited to standing and walking less than two hours total in an eight hour work day or that Reeves had to alternate between sitting and standing. (Tr. 18.)

---

[1] Reeves is applying for supplemental security income. Therefore, the evaluation of opinion evidence is governed by 20 C.F.R. § 416.927(c). The statutory text is the same under 20 C.F.R. § 404.1527(c) and § 416.927(c).

All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.927(c). Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 416.927(c); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 416.927(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009). "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The RFC

determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

In this case, the Court finds that the ALJ did not err in granting very little weight to Dr. Onik's opinion. The Court notes that the ALJ considered the factors in § 416.927(c). The ALJ did not perform a "factor-by-factor" analysis of Dr. Onik's opinion evidence, however, she stated that she considered those factors and explained her rationale in a manner that allows the Court to follow the line of reasoning, including the amount of weight given to the evidence. (Tr. 18.); *see Nishke v. Astrue*, 878 F.Supp.2d 958, 984 (E.D. Mo. 2012) (ALJ's failure to perform factor-by-factor analysis of opinion evidence in written opinion not erroneous). The ALJ mentioned the treating and examining relationship between Reeves and Dr. Onik; supportability of his opinion with medical signs, laboratory findings, and explanation; consistency with the record as a whole; and other factors that would support or detract from the opinion. (Tr. 18.) Therefore, the ALJ did not err in the analysis of opinion evidence.

### C. RFC Determination

Finally, Reeves contends that the ALJ erred in assessing her RFC, including the limitations caused by her fibromyalgia and obesity. Reeves contends that the ALJ only mentioned Reeves' fibromyalgia and obesity without discussion of how the combination of these impairments affected her ability to work. The ALJ found that Reeves had the severe impairments of fibromyalgia, bulging discs, gall bladder problem, sleep apnea, migraines, obesity, depression, anxiety, and learning disabilities. (Tr. 20.) The ALJ determined that Reeves had the RFC to perform sedentary work with the following limitations: (1) stand and walk for no more than two hours; (2) occasionally push and pull with upper extremities; (3) occasionally climb ramps and stairs, (4) occasionally balance, stoop, kneel, crouch, and crawl; (5) never climb

ladders, ropes, and scaffolds; (6) avoid concentrated exposure to extreme temperatures, wetness, and humidity; (7) avoid concentrated exposure to occupational hazards such as moving machinery and unprotected heights; and (8) limited to simple, routine tasks. (Tr. 20.)

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion. *Pearsall*, 274 F.3d at 1217. It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. A disability claimant has the burden to establish her RFC. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).

An ALJ is required to consider obesity's effects when evaluating disability. SSR 02-1p, 2002 WL 34686281 at *6 (Sept. 12, 2002). According to Social Security Ruling ("SSR") 02-1p, "[o]besity can cause limitation of function. 2002 WL 34686281 at *5. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. . . . [Each case is evaluated] based on the information in the case record." *Id.* at *6. "In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity." *Id.* "An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time." *Id.*

The Eighth Circuit has found that fibromyalgia has the *potential* to be disabling. *Forehand v. Barnhart*, 364 F.3d 984, 987 (8th Cir. 2004) (emphasis added). A diagnosis of

fibromyalgia alone is not sufficient to find that a claimant is disabled. *Perkins v. Astrue*, 648 F.3d 892, 900 (8th Cir. 2011) (not every diagnosis of fibromyalgia warrants a finding that a claimant is disabled). "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability." *Perkins*, 648 F.3d at 900.

In this case, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record as a whole. First, the ALJ properly evaluated the evidence regarding Reeves' impairments and found fibromyalgia and obesity as severe impairments. (Tr. 15, 20.) Second, the ALJ indicted that she considered the combination of all Reeves' impairments and pain in limiting her to sedentary work. (Tr. 17.) The ALJ also considered the combined effects of Reeves' impairments when finding postural and exertional limitations. (Tr. 17-18.) The ALJ noted that the environmental limitations were given specifically to address Reeves' fibromyalgia pain. (Tr. 18.) The ALJ gave some credibility to Reeves' allegations of pain and limitations caused by her impairments. (Tr. 17-18.) The Court finds no reversible error in the ALJ's assessment of Reeves' RFC.

## IV.    Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only 'enough that a reasonable person would find it adequate to support the decision,' and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-993 (8th Cir. 2014) (internal citations omitted). A review of the record as a whole demonstrates that Reeves has some restrictions in her functioning and ability to perform work related activities, however, she did not carry her

burden to prove a more restrictive RFC determination.  *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC).  Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**.  [Docs. 1, 14.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 6th day of January, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE